IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

PAUL R. BUMSTEAD,

    Petitioner,

v.                                                                     Civil Action No. 2:10cv77
                                                                                  (Judge Maxwell)

JAMES N. CROSS, Warden of USP Hazelton,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 16, 2010, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Following a Notice of Deficient Pleading and an Order to Show Cause, the petitioner filed an Application for Leave to Proceed *in forma pauperis* on July 27, 2010. On August 6, 2010, the petitioner was granted leave to proceed *in forma pauperis*.

### II. PETITION

The petitioner alleges that his prisoner trust account has been frozen due to an "erroneous" filing fee ordered by the United States District Court for the District of Massachusetts. Because of the freeze on his account, the petitioner alleges that he has been unable to purchase necessary hygiene items, stamps, and other legal supplies. The petitioner alleges that he has attempted to rectify the situation with the District Court in Massachusetts, but the Court will not change the Order. The petitioner also alleges that he has attempted to rectify the situation with the staff at USP

1

Hazelton, where is he presently incarcerated, but no action has been taken under the "pretense that 'the facility cannot do anything because it is a court that they will be disobeying if they attempt to change it or not obey it.'" (Doc. 1, pg. 1). The petitioner further alleges that the Massachusetts District Court's "erroneous filing fee" is violating his rights under the 4th and 8th Amendments and anyone who obeys the order is doing the same.

### III. Analysis

The petitioner is not entitled to any relief under § 2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee[2] or seek further modification in the United States District Court for the District of Massachusetts.

### IV. RECOMMENDATION

---

[1] In Bivens, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under § 1983.

[2] Although a grant of *in forma pauperis* status would absolve the petitioner from pre-paying the $350.00 filing fee, under the PLRA, the entire fee would be collected from his Prison Trust Account in increments.

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's § 2241 petition (Doc. 1) be **DISMISSED** without prejudice to his right to file a Bivens action or seek relief in the United States District Court for the District of Massachusetts.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

Dated: 8-9-2010

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE